## Home Owners' Loan Corporation Bonds

RENO, Attorney General, March 16, 1939.—You have asked to be advised as to whether the Board of Finance and Revenue may permit the use of bonds of the Home Owners' Loan Corporation as security for the deposit of State moneys.

Section 505 of the Act of April 9, 1929, P. L. 343, as amended by the Act of June 7, 1935, P. L. 283, provides that "The Board of Finance and Revenue shall have the power, and its duty shall be," among other things, to select depositories for State moneys. At subsection 2 of the same act and section, it is stated "That, in lieu of the surety bonds of surety companies or of individuals as aforesaid, the deposit of State moneys may be secured by the deposit with the State Treasurer of *bonds of the United States*, bonds of the Delaware River Joint Commission, bonds of this Commonwealth, or any municipal subdivision or county thereof. . . ." (Italics supplied.)

In Trust Investments in Home Loan Bonds, 22 D. & C. 22, this department held that Home Owners' Loan Corporation Bonds were: (1) "Bonds or other interest-bearing obligations of the United States", as that phrase was used in the Banking Code of May 15, 1933, P. L. 624; and (2) legal investments for trust funds under the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 41, which

provides such funds may be invested "in the stock or public debt of the United States". This opinion holds such bonds to be within the wording, as shown above, of these particular statutes. With these conclusions we agree, for the unconditional guaranty as to interest and principal by the United States brings the bonds within the designated classifications.

This opinion, however, is not determinative of the question you have raised, for the opinion also states that the bonds are "not, in the first instance, obligations of the United States." We find the following pertinent statement regarding the interpretation of words at 59 C. J. 974, §577:

"While the meaning to be given a word used in a statute will be determined from the character of its use, words in common use are to be given their natural, plain, ordinary, and commonly understood meaning, in the absence of any statutory or well established technical meaning, unless it is plain from the statute that a different meaning was intended, or unless such construction would defeat the manifest intention of the legislature."

The legislature's intent and meaning must be ascertained primarily from the statute itself, and the literal construction of a statute has preference over judicial or other interpolation. In this instance, we believe that the words "bonds of the United States" must be given their ordinary meaning, as to do otherwise would be to enlarge upon the class of bonds acceptable according to the legislative standards, and we detect no intent to have these words extended beyond their usual comprehension.

We are constrained to conclude that "bonds of the United States" contemplate the direct, immediate, and unconditional obligation of the United States itself and not the bonds, of whatsoever nature, of an instrumentality. In this opinion, we are borne out by School Bonds, 17 Dist. R. 744, wherein it was held that: "The word 'municipal', as used in the 7th section of the Act of [February 17,] 1906 [P. L. 45], has no qualifying words of

any kind attached to it, and therefore must be construed as referring to the bonds of a municipal corporation with the fullest and broadest powers of a municipality and not to a sub-division with such limited powers as a school district." Therein the words of the statute, which act was repealed by the act now in question and which was worded similarly, are given a confined meaning, and certainly the instant case is analogous thereto and should be ruled accordingly.

The views hereinbefore expressed are substantiated by an opinion of the Attorney General of California, dated November 30, 1934, Use of H. O. L. C. Bonds for Deposit of Public Funds, sec. 12,236.11, Prentice-Hall Federal Bank Service, wherein that officer held, in construing words similar to those in our statute, that:

"It will be seen that strictly or literally the bonds of the Home Owners' Loan Corporation are not bonds of the United States. The fact that the United States guarantees both the principal and the interest of the bonds does not make them 'bonds of the United States.'

"Although, in view of the guarantee, such bonds may be just as good as bonds of the United States, so far as constituting adequate security for the deposit of public funds, I believe you are bound by the strict letter of the statute and that you may not accept bonds of the Home Owners' Loan Corporation as security for the deposit of public funds.

"The Legislature may, of course, amend the statute so as to authorize the acceptance of such bonds, but until such amendment is made I feel obliged to advise you as above indicated."

We feel that the value of Home Owners' Loan Corporation Bonds insofar as their worth as security is concerned, rises to heights equal with United States bonds, in both instances the full faith and credit of the United States being guaranteed as to principal and interest. Under these circumstances, the legislature might well consider

the advisability of bringing the bonds in question within the category of those bonds acceptable as security for State deposits in lieu of surety bonds.

Therefore, for the reasons which we have expressed, you are advised that bonds of the Home Owners' Loan Corporation are not "bonds of the United States" within the purview of section 505 of the Act of April 9, 1929, P. L. 343, as last amended by the Act of June 7, 1935, P. L. 283, and subject to approval by the Board of Finance and Revenue as security for deposits of State moneys.